# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM PEREZ,<br>    *Plaintiff*,<br><br>        v.<br><br>CHRISTOPHER BRUNELLE; et al.,<br>    *Defendants*. | No. 3:23-cv-00537 (VAB) |

# INITIAL REVIEW ORDER

William Perez ("Plaintiff"), is a *pro se* unsentenced pretrial detainee in the custody of the Connecticut Department of Correction ("DOC").[1] He seeks damages against Warden Christopher Brunelle, DOC Commissioner Quiros, Correction Officer Rodriguez, Lieutenant Champion, and Lieutenant Torres under 42 U.S.C. § 1983, in connection with his treatment while housed at New Haven Correctional Center ("NHCC").

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. Perez was a pretrial detainee in August 2022. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=440934.

1

After initial review, the Court will permit Mr. Perez to proceed on his Fourteenth Amendment indifference to safety claims for damages against Lieutenant Torres, Correction Officer Rodriguez, Lieutenant Champion and Correction Officer Blackman in their individual capacities; and on his Fourteenth Amendment medical indifference claim against Officer Blackman in her individual capacity for further development of the record.

**I.     BACKGROUND**

The Court briefly summarizes the relevant facts as follows.

In August 2022, Mr. Perez allegedly made requests to Lieutenants Torres and Champion, Correction Officer Blackman, and Correction Officer Rodriguez to be moved to protective custody due to his criminal charges. They allegedly indicated that they could not move him to protective custody. He later allegedly made the same request to Lieutenant Torres, but she allegedly said that she could not help him.

Later on in August, another inmate allegedly threatened to beat Mr. Perez up on the basis of his charges. After Mr. Perez returned from court, the same inmate allegedly asked Mr. Perez for his charge papers, but he walked away after Mr. Perez indicated that he did not have them. Later, Officer Blackman and Officer Rodriguez allegedly opened his cell door and let in an inmate who allegedly attacked Mr. Perez and cut his right leg. The inmate allegedly took Mr. Perez's papers and then left the cell. Officer Blackman allegedly saw the inmate with Mr. Perez's papers, but allegedly did nothing. She allegedly did not inquire whether Mr. Perez was in need of help or provide him any medical care. The inmate who allegedly attacked him allegedly showed Mr. Perez's charge papers to other inmates.

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.   DISCUSSION

Because Mr. Perez was a pretrial detainee, the Court will consider his claims for damages under Fourteenth Amendment standards. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment).

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). This is also true for supervisory officials. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a

4

plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

Here, Mr. Perez has not alleged any facts indicating that either Warden Brunelle or Commissioner Quiros acted in violation of Mr. Perez's constitutional rights or had any involvement with a constitutional violation.

Accordingly, Mr. Perez has not alleged any plausible claim for damages against either Warden Brunnelle or Commissioner Quiros, and the claims against them must be dismissed.

### A.     Indifference to Safety

To prevail on a Fourteenth Amendment claim, a plaintiff must allege facts to satisfy two prongs: (1) an objective prong showing that plaintiff's condition poses an unreasonable risk of serious harm; and (2) a "*mens rea*," prong, "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

For initial pleading purposes, Mr. Perez has alleged facts to suggest that he was exposed to a substantial risk of harm from other inmates due to his criminal charges. At this early stage in the matter, the Court will permit Mr. Perez to proceed against Defendants Torres, Rodriguez, Champion and Blackman for acting with indifference to his need for protection from other inmates in light of his criminal charges.

Accordingly, the Court will permit Mr. Perez to proceed against Torres, Rodriguez, Champion and Blackman in their individual capacities for damages for Fourteenth Amendment violation.

B.     **Indifference to Medical Needs**

For a claim of medical indifference under the Fourteenth Amendment, a plaintiff must allege a "serious medical need" or "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). To determine whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, the court should "consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects the individual's daily activities, and whether the illness or injury inflict a chronic substantial pain." *Id.* "In most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.* at 86.

Mr. Perez has alleged facts that he was attacked and injured, but does not describe the extent of his injuries. For initial pleading purpose, the Court considers his allegations sufficient to suggest that he had a serious medical need to support a Fourteenth Amendment claim of medical indifference by Officer Blackman.

Accordingly, he may proceed on his Fourteenth Amendment medical indifference claim against Officer Blackman in her individual capacity for further development of the record.

### C. Official Capacity Claims

To the extent he seeks damages against Defendants, who are state employees, in their official capacities, such claims must be dismissed as barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Nor can he proceed on any claim for prospective injunctive relief as he has not alleged any continuing violations of federal law. *Ex parte Young*, 209 U.S. 123, 155-156 (1908); *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005).

Accordingly, all official capacity claims are dismissed as not plausible.

### III. Orders

The Court enters the following orders:

(1) The case shall proceed on Mr. Perez's Fourteenth Amendment indifference to safety claims for damages against Lieutenant Torres, Correction Officer Rodriguez, Lieutenant Champion and Correction Officer Blackman in their individual capacities; and on his Fourteenth Amendment medical indifference claim against Officer Blackman in her individual capacity for further development of the record.

All official capacity claims and all claims against Commissioner Quiros and Warden Brunnelle are **DISMISSED**.

(2) The Clerk of Court shall verify the current work addresses for Lieutenant Torres, Correction Officer Rodriguez, Lieutenant Champion and Correction Officer Blackman with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and attachments to them at their confirmed addresses by **July 21, 2023**, and report on the status of the waiver request by **August 4, 2023**. If any Defendant fails to return the waiver

7

request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendants shall file their response to the complaint, either an Answer or motion to dismiss, by **October 6, 2023**. If a Defendant chooses to file an Answer, the Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **February 9, 2024**. Discovery requests need not be filed with the court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **March 15, 2024**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Perez changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Perez must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put

the new address on a letter without indicating that it is a new address. If Mr. Perez has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

    (10)   Mr. Perez shall utilize the Prisoner Efiling Program when filing documents with the court. Mr. Perez is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f).   Therefore, discovery requests must be served on defendants' counsel by regular mail.

    **SO ORDERED** at Bridgeport, Connecticut, this 30th day of June, 2023.

    /s/ Victor A. Bolden
    VICTOR A. BOLDEN
    UNITED STATES DISTRICT JUDGE